Angela C Agrusa (Bar No. CA-131337)
*angela.agrusa@us.dlapiper.com*
Shannon E. Dudic (Bar No. CA-261135)
*shannon.dudic@us.dlapiper.com*
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel:   310.595.3000
Fax:   310.595.3300

Attorneys for Defendant
G6 HOSPITALITY LLC (*erroneously sued as Motel 6 Operating LP d/b/a Motel 6*)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN MARSHALL, | Case No.: |
| Plaintiff, | Complaint Filed: April 23, 2019 |
| v. | **NOTICE OF REMOVAL** |
| G6 HOSPITALITY LLC (*erroneously sued as Motel 6 Operating LP d/b/a Motel 6*), | **(28 U.S.C. §§ 1331, 1332, 1441, 1446, 1453)** |
| Defendant. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant G6 Hospitality LLC (erroneously sued as Motel 6 Operating LP d/b/a Motel 6) ("G6" or "Defendant") hereby removes this action, originally filed in the Superior Court of the State of California for the County of Alameda. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. section 1331 because Plaintiff's sole cause of action for violation of the Fair and Accurate Credit Transactions Act ("FACTA"), codified at 15 U.S.C. section 1681, *et seq.*, arises under federal law.  This Court further has original subject matter jurisdiction over Plaintiff's claim under 28 U.S.C. sections 1332(d), 1441, 1453 and 1446, because this is a class action, minimal diversity exists and the amount in controversy exceeds $5,000,000. Accordingly, removal is proper for the reasons explained more fully below.

## I. INTRODUCTION

On April 23, 2019, Plaintiff Glenn Marshall ("Plaintiff") commenced a putative class action in the Superior Court of the State of California for the County of Alameda entitled *Glenn Marshall v. Motel 6 Operating L.P. d/b/a Motel 6*, Case No. RG19016094 ("State Court Action").

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon G6 in the State Court Action are attached to this Notice.  There have been no other proceedings in this action. (*See* Declaration of Shannon Dudic in Support of Notice of Removal, ¶ 5, filed concurrently.)

## II. FEDERAL QUESTION JURISDICTION

The federal question jurisdiction statute, 28 U.S.C. § 1331, provides this court with original jurisdiction and permits G6 to remove the State Court Action to this Court. This Court has original subject matter jurisdiction to adjudicate "all civil actions arising under the Constitution, laws, or treaties of the United States."  See 28 U.S.C. § 1331.  Accordingly, a defendant may remove an action to federal court under 28 U.S.C. § 1441(a) if the plaintiff's "well-pleaded complaint" presents a federal question, such as a cause of action "arising under" or created by federal law.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Independent Living Center of Southern Cal., Inc. v. Kent*, 909 F.3d 272, 278 (9th Cir. 2018) (noting that Federal courts have jurisdiction to hear

"cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.")

These jurisdictional requirements are easily met here as Plaintiff's sole claim against G6 arises under a federal statute. In his single-count Complaint, Plaintiff alleges that he was provided with a printed credit card receipt containing the first six digits of his card number, purportedly in violation of FACTA. (*See generally*, Compl.) Because Plaintiff's complaint presents a cause of action created by federal law, the requirements of 28 U.S.C. §§ 1331 and 1441(a) are clearly met and G6 may properly remove the State Court Action to this Court.

## III.  CAFA JURISDICTION

Additionally, CAFA provides this Court with original jurisdiction and permits G6 to remove the State Court Action to this Court. CAFA provides that federal district courts shall have original jurisdiction over class actions where the number of proposed class members is 100 or greater, any member of the putative class of plaintiffs is a citizen of a state different from that of any defendant, and the aggregate amount in controversy for all putative class members exceeds $5 million (exclusive of interests and costs). 28 U.S.C. §§ 1332(d)(2), (d)(5)(B); *see also Soto v. Greif Packaging LLC*, 2018 WL 1224425, at *1 (C.D. Cal. Mar. 8, 2018) (citing 28 U.S.C. §§ 1332(d)(2), (5)(B)); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006). These jurisdictional requirements are satisfied in this action.

### A.  This Is a Class Action as Defined by CAFA.

This action meets the applicable definition of a class action under CAFA, which defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B).

Plaintiff filed the State Court Action as a putative class action on behalf of himself and a proposed class of plaintiffs, which includes:

> All consumers to whom Defendants, within two years from the date of filing this action, provided an electronically printed receipt at the point of a sale or transaction within the United States, on which receipt was printed more than the last 5 digits of the consumers credit card or debit card number" (hereinafter, the "Putative Class"). (Compl., ¶ 18.)

The California rule governing the maintenance of class actions, California Code of Civil Procedure section 382, is analogous to Federal Rule of Civil Procedure 23. Thus, this action falls within the definition of a "class action" under CAFA.

### B. The Proposed Class Consists of 100 Members or More.

Although G6 disputes that any class can be appropriately certified under Federal Rule of Civil Procedure 23, Plaintiff's allegations in the Complaint are sufficient to satisfy CAFA's requirement that the proposed class consists of at least 100 members. See 28 U.S.C. § 1332(d)(5)(B). Indeed, Plaintiff alleges there are "at a minimum, thousands (i.e., two thousand or more) of members that comprise the Class." (Compl., ¶ 21)

Additionally, as of June 3, 2019, G6 operates more than 1,000 hotel locations across the United States. (*See* Declaration of Rebecca Lennard in Support of Notice of Removal, ¶ 2, filed concurrently.) Given that Plaintiff seeks to represent a nationwide class of at least one-thousand members who could have received printed receipts at more than one-thousand locations over a period of two years, CAFA's requirement that the proposed class consist of at least 100 members is readily satisfied.

### C. There Is Minimal Diversity of Citizenship Under CAFA.

The requisite diversity of citizenship exists between G6 and the putative class members. CAFA provides that "[t]he district courts shall have original jurisdiction of any civil action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Thus, only minimal diversity is required.

G6 is a limited liability company organized under the laws of Delaware with its principal place of business in Texas. (Lennard Decl., ¶ 4.) For the purposes of removal under CAFA, an unincorporated association, such as an LLC, is "a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see Rolling v. E\*TradeSecurities*, LLC, 756 F. Supp. 2d 1179, 1184–85 (N.D. Cal. 2010) (finding that the defendant LLC was an "unincorporated association" for purposes of section 1332(d)(10)). G6 is thus a citizen of Delaware and Texas for the purposes of CAFA jurisdiction.

Because Plaintiff, as well as any putative class members who are not residents of Delaware

or Texas, is a citizen of a different state from the states of which G6 is a citizen (Delaware and Texas), minimal diversity of citizenship is satisfied for the purposes of CAFA jurisdiction. 28 U.S.C. § 1332(d)(2)(A).

### D. The Requisite Amount in Controversy is Satisfied.

The aggregate amount in controversy here, exclusive of interest and costs, exceeds the value of $5 million. 28 U.S.C. § 1332(d)(2), (d)(6). As the Supreme Court has clarified, G6 need not provide evidence proving that the amount in controversy exceeds the CAFA threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Rather, where the complaint does not specify a particular amount of alleged damages, a "defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554 (emphasis added); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Basin Operating Co.* and holding that the removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

To be clear, G6 contends that the allegations in the Complaint are without merit and that neither Plaintiff nor the putative class members have suffered any injury for which G6 can be held liable. Nevertheless, Plaintiff seeks an award of statutory damages and punitive damages. (Compl., Prayer for Relief at p. 10.)

FACTA allows for recovery of actual damages for negligent violations of the Act, and actual or statutory damages, as well as punitive damages, for willful violations of the Act. *See* 15 U.S.C. §§ 1681c(g)(1), 1681n, 1681o; *see also Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197 (C.D. Cal. 2007) (discussing the damages provisions of FACTA). Specifically, any person who willfully fails to comply with FACTA requirements with respect to any consumer is liable to that consumer in an amount equal to the sum of "(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; … (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. §1681n(a).

As discussed above, as of May 28, 2019, G6 operates more than 1000 hotel locations across the United States. (*See* Lennard Decl., ¶ 2.) Even assuming that each of these locations completed only one credit card transaction per day for the past two years (a highly conservative estimate), the potential number of class members is at minimum 730,000. Plaintiff's allegations of willful violations of FACTA (albeit insufficient), combined with a potential class size of 730,000 members renders the amount in controversy over $73 million, even when using the low-end of the statutory penalty range. While G6 disputes that it is liable to Plaintiff or any putative class member on any basis, it is clear that Plaintiff seeks to recover damages in excess of $5 million.

## IV. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

### A. This Notice of Removal is Timely Filed.

G6 was served with the Complaint on May 6, 2018. (*See* Dudic Decl., ¶ 3.) This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is filed within thirty (30) days after G6 was served.

### B. Venue is Proper.

The Superior Court of the State of California for the County of Alameda is located within the Southern District of California. 28 U.S.C. § 84(c). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 1453(b).

### C. Intradistrict Assignment.

The State Court Action was filed in the Superior Court of California for the County of Alameda. Accordingly, venue is proper in either the San Francisco or Oakland divisions of the United States District Court for the Northern District of California. *See* Civil L.R. 3-2(d).

### D. Notice of Filing.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California for the County of Alameda and served upon counsel for Plaintiff.

## V. CONCLUSION

For the foregoing reasons, federal jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1332(d). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1453.

Dated: June 4, 2019

                                          DLA PIPER LLP (US)

                                          By: */s/ Shannon E. Dudic*
                                                Angela C Agrusa
                                                Shannon E. Dudic
                                                Attorneys for Defendant
                                                G6 HOSPITALITY LLC